1830.

Ogden
v.
Smith.

---

## Ogden and others, executors, &c. *vs.* Smith.

Where R. H. appointed by his will three executors and devised to them all his real estate upon several trusts, one of which was, to execute all proper deeds and take the proper measures for fulfilling all contracts entered into by the testator, or by them for the sale of any part of his real estate; and the testator declared in his will, that in case one or more of his executors should die before himself, or should decline to execute the trusts, if one so died or declined, the remaining two should nominate another person as their co-executor and trustee; and if two of them should die or decline, then the testator declared that his sons should nominate one person, and his daughters another, and the persons so nominated, if approved by the remaining executor, should become executors and trustees under the will; and if all the executors should die or decline, that then the testator's sons and daughters might choose two persons as aforesaid as executors and trustees, and which two persons might nominate and choose the third; and after the making of the will, the testator made a codicil thereto, and by it appointed two additional executors and trustees of his will, and then re-published his said will with the codicil as a part thereof; four of the executors, in February, 1830, proved the will, and one renounced; it was held, that unless a greater number than two declined the trust, it would not be necessary to supply their places in the manner prescribed in the will; and that the four who had qualified, possessed every necessary power to execute all the trusts mentioned in the will.

Where a part only of the executors qualify and accept the trust, those who qualify will have full authority without the others to execute a power to convey real estate, which is by the will conferred on the executors named therein.

Executors who do not prove the will, are superseded by the grant of letters testamentary or of administration to others; and they cannot dispose of any part of the estate until they appear and qualify as executors.

RICHARD HARISON late of the city of New-York, deceased, being in 1827 seised in fee of a lot of land in the county of Jefferson, contracted to sell the same to the defendant, who immediately entered into possession of the

April 21st.

lot, and has continued in possession ever since. In 1825, Mr. Harison made and published his will, and thereby devised all his estate, real and personal to his executors, T. L. Ogden, W. Johnson and B. Robinson, upon the trusts therein mentioned. The first trust expressed in the will was, that the executors and trustees, either personally or by attorney, should execute all proper deeds, and take proper measures for fulfilling all contracts entered into by the testator, or by themselves, for the sale of any part of the testator's real estate. The will, after specifying other trusts, contained the following clause : "And whereas, it may happen that one or more of my executors may die before me, or decline to execute the said trusts, I do hereby declare that if only one of them should die, or decline the said trusts, that the remaining two shall and may nominate another person whom they may think fit, to be the third executor and trustee. But if two of my said trustees should die, or decline to execute the said trusts, that then my sons, or a majority of them, shall and may nominate one person, and my daughters, or a majority of them, another, who if approved of by the then executor, shall become executors and trustees under this my will. And if all the said before named executors shall die before me, or decline to execute the said trusts, then and in such case two other persons may be chosen by my sons and daughters respectively, as aforesaid, to be executors and trustees under my will ; and the said two persons may nominate and choose a third to be joined with them in the execution of 'the said trusts. And in every case the person or persons to be so nominated and chosen as aforesaid, shall take, have and possess all the estate, rights and powers, and be subject to all the duties which any of the trustees named in this my will would have, or be entitled or subject to, as fully and effectually as if they had been named as trustee and executor, or trustees and executors, in and by my said will." In 1827, and after the aforesaid contract was made with the defendant, the testator made and published a codicil to his will, and in such codicil nominated and appointed his friend Clement C. Moore and his son William H. Harison executors of the will, and trustees under it, with all the powers which had

been conferred upon his other executors; and he thereby republished the original with the said codicil annexed. The testator died in December, 1829, seised of the land contracted to be sold to the defendant. Four of the executors and trustees in February last proved the will; and W. Johnson, the remaining executor and trustee, renounced in the manner prescribed by the revised statutes. The whole of the purchase money, which the defendant agreed to pay for the land, became due on the first of February last. The complainants tendered to the defendant a deed, executed by themselves and all the heirs at law of the testator, containing the usual covenants of warranty as to the title, and demanded from the defendant payment of the purchase money. The defendant refused to accept the deed, or to pay the purchase money, upon the ground that no person had been substituted as executor and trustee in the place of W. Johnson, either by the two other executors named in the original will, or by all the executors who had qualified; contending that the deed would not be valid, unless some person was thus substituted as executor and trustee, and joined in the conveyance.

*W. H. Harrison*, for the complainants, insisted that by the appointment of the two additional executors, the testator intended to revoke the clause in the original will for supplying vacancies. That he had either altered his mind as to the number of executors and trustees, or had intended to provide against the contingency of vacancies by increasing the number of executors and trustees.

*T. W. Ludlow*, for the defendant.

THE CHANCELLOR. The true construction of this will and codicil, taken together, appears to be this: By the original will the testator intended that three executors should actually accept the trust; and if any of those named by him declined, provision was made to supply the vacancies. In the codicil two others are added, without any new direction as to supplying vacancies if any of them should renounce the execution of the will. The original intention of the testator will therefore be carried into effect by permitting any num-

ber of the executors, not less than three, to qualify and execute the trust. If three or more of them had renounced, the number must have been increased, so as to complete that number in the manner specified in the original will. But as four have qualified, there is no necessity of supplying the place of the fifth, who has renounced the trust. The learned commentator on American law, in the last volume of his valuable treatise which has just been published, supposes that the provision authorizing the executors who prove the will to convey without the others has been repealed in the recent revision. (4 Kent's Commentaries, 320.) And he very properly declares such an alteration of the law to be injudicious. His opinion is founded upon the construction of the 106th and 112th sections of that title of the revised statutes which treats of the nature and qualities of estates in real property, and the alienation thereof. (1 R. S. 735.) But he has evidently overlooked the fifty-fifth section of the subsequent title, relating to the powers and duties of executors, &c. in which the provision of the statute of 21 Hen. 8, ch. 4, is re-enacted, almost in the same words as in the former statutes of this state. (2 R. S. 109, § 55.) The 15th and 16th sections of the title, relative to the granting of letters testamentary and of administration, (2 R. S. 71,) declare the executors who do not prove the will, and who are not named as such in the letters testamentary or of administration, to be superseded thereby, until they shall appear and qualify; and they are prohibited from disposing of any part of the estate. These provisions limit and control the 112th section of the article relative to powers contained in a preceding part of the revision. The power in that case is only vested in the executors who prove the will, and they must all join in the execution of the power. In this case the power to execute conveyances, given by the will to the executors, was duly executed by those to whom letters testamentary were granted since the revised statutes went into operation. Their deed conveyed a good and valid title to the purchaser, and he is bound to accept the same and to pay the balance due agreeably to the contract.